PASQUALE E. STARITA *vs.* BRADFORD CAMPBELL.

APRIL 9, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence of the bailee of an automobile. The case was tried to a justice of the superior court sitting without a jury and he rendered a decision for the plaintiff to which the defendant duly excepted. The case is here solely on that exception.

Defendant, in his brief and argument, in support of his exception, contends that the finding of the trial justice that defendant was negligent is clearly wrong, because the weight of the evidence proves that he exercised due care in the particular circumstances of the bailment and that the plaintiff was guilty of contributory negligence. Plaintiff contends that, on a fair consideration of all the evidence, the trial justice was fully warranted in finding, as he did, that defendant was liable for the loss of the automobile, because it occurred as a result of his negligence.

It appears from the evidence that, on November 13, 1945, at about 8 p. m., plaintiff placed his automobile in the custody of the defendant, who conducted a parking lot at Pine and Page streets, in Providence, in this state; that he paid defendant a parking fee of 35¢; that when plaintiff returned to the parking lot between 10:30 and 10:45 p. m. on that day the defendant was not there, the lot was otherwise unattended and plaintiff's automobile was missing; that plaintiff immediately reported the loss of the automobile to the Providence police department; that he telephoned defendant at his home and defendant stated that he, the defendant,

had left the parking lot at about 9:50 p. m. and that he left the keys in the car. It further appeared from the evidence that the Providence police department had sent out descriptions of plaintiff's automobile to the police of other localities in this state and to police in all the states, and that the department had otherwise tried to locate it but without success.

The evidence as to what occurred when plaintiff left his automobile on defendant's parking lot is conflicting. Plaintiff testified that he drove his automobile on the lot, paid defendant the parking fee of 35¢ and received a parking ticket; that defendant told him to leave the automobile with the ignition key in the lock and that he, the defendant, would park it. He did not inform the plaintiff that he intended to leave the lot, later in the evening, without assigning someone to guard the automobiles then remaining on the lot. Plaintiff's wife was with him at that time and she testified substantially to the same effect.

On the other hand defendant testified that he was busy attending to another automobile at the time plaintiff drove on the lot and that, after giving plaintiff the parking ticket, he told him to take the key and leave his automobile and that he, defendant, would place it on the lot; that later, when parking plaintiff's automobile, he found the key in the ignition lock; and that he left the lot ten minutes before 10 p. m., but that before doing so he locked the ignition of plaintiff's automobile and hid the key under the front seat, as was his custom with reference to the automobiles of other patrons which were on the lot when he left for the night. Plaintiff and his wife denied that defendant was attending to another automobile when they came on the lot. They also denied that defendant told plaintiff to take his ignition key with him.

The trial justice gave his decision from the bench immediately after the conclusion of the evidence and arguments of counsel. His decision is very brief and is summed up in the following sentence: "I think when Mr. Campbell received this car he undertook the duty of taking care of that car and, if he wasn't going to be there to take care of that car, after

a certain hour, he had no business to take the car." If we understand the defendant, he complains that the trial justice's view of the case does not take into consideration the evidence of contributory negligence on the part of the plaintiff in leaving his key in the ignition lock.

It does not appear from the decision that the trial justice decided whether the plaintiff left the key in the lock at the suggestion of the defendant or whether defendant told plaintiff to take his key. Apparently the trial justice felt that it was unnecessary for him to resolve the conflict in that part of the evidence, since on the rest of the evidence it was undisputed that defendant had left the parking lot unattended and gone to his home, notwithstanding that plaintiff's automobile, with the key in it, was still on the lot. After carefully examining all of the evidence we are of the opinion that in taking that view the trial justice did not err.

The parties are agreed that defendant was a bailee for hire of plaintiff's automobile and that, as such, it was his duty to take the same care of plaintiff's automobile as a prudent man would do of his own property. They also are agreed that if property so bailed is lost the law presumes that the bailee was negligent, unless he shows that such loss was due to other causes consistent with due care on his part. *Dufresne* v. *Dick*, 51 R. I. 135.

Applying that rule to the case at bar it is clear that it was the duty of the defendant not to leave plaintiff's automobile unguarded on the parking lot, unless he had informed plaintiff before he paid the parking fee that the lot would be guarded only until 10 p. m. or whatever hour he, defendant, would leave the lot. If plaintiff's evidence is believed, defendant did not so inform him, but accepted the custody of his automobile unconditionally. This being so, the presumption of law that the loss of the automobile was due to his negligence became conclusive on the evidence here; and whether he did or did not tell plaintiff to leave his key in the lock was immaterial. What his practice 'had been in dealing

with other patrons was also immaterial, if it was not brought to the notice of the plaintiff.

Defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Frank C. Cambio,* for plaintiff.

*Edwin O. Halpert,* for defendant.

